United States District Court
Southern District of Texas
**ENTERED**
May 02, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | |
|---|---|
| MARTIN AGUILLON, JR. <br> (TDCJ # 02292700) <br>     Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN, DIRECTOR, <br> TEXAS DEPARTMENT OF CRIMINAL <br> JUSTICE, CORRECTIONAL <br> INSTITUTIONS DIVISION[1] <br>     Respondent. | § <br> § <br> § <br> § <br> §    CASE NO. 7:23-cv-00266 <br> § <br> § <br> § <br> § <br> § <br> § |

**REPORT & RECOMMENDATION**

Petitioner Martin Aguillon, Jr., a state prisoner proceeding *pro se*, filed a hand-written letter, applying for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See* Civ. Dkt. No. 1. The undersigned ordered Petitioner to complete and submit a standard-form petition, in compliance with Rule 2(d) of the Rules Governing § 2254 Cases.  Accordingly, Petitioner submitted said standard-form petition on September 1, 2023, which was docketed in a new civil action as an initial filing due to a clerical error.  *See Aguillon, Jr. v. Lumpkin*, Case No. 7:23-cv-

---

[1] Petitioner names "Brian Collier, Director, Texas Department of Criminal Justice, Correction Division" as Respondent in his § 2254 habeas corpus petition. *See Aguillon, Jr. v. Lumpkin*, Case No. 7:23-cv-00295 (Dkt. No. 1) (Habeas corpus petition filed at court's direction in this matter but originally docketed as a new case by district clerk with case No. 7:23-cv-00295) [hereinafter *Petition*].  The proper respondent for a § 2254 habeas corpus petition should be the "authorized person having custody of petitioner" (*id.* at 2), which Petitioner correctly identified by title.  Director of Correctional Institutions Division is Bobby Lumpkin; therefore, Bobby Lumpkin is authorized custodian of Petitioner and should be the named respondent in this § 2254 habeas petition.  *See* TDCJ, Inmate Information Details, https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=05586712 (showing Petitioner is currently held in custody at the Estelle Unit of the TDCJ Correctional Institutions Division) (last visited April 30, 2024).  For this reason, in each matter opened by Clerk's Office for Petitioner, said director has been listed as Respondent. *Cf. Blair v. Collier*, No. 5:17-CV-276-M-BQ, 2018 WL 1135385, at *1 (N.D. Tex. Jan. 31, 2018), *report and recommendation adopted sub nom.*, *Blair v. Davis*, No. 5:17-CV-276-M-BQ, 2018 WL 1083620 (N.D. Tex. Feb. 28, 2018).

00295, Dkt. No. 1.  The Chief District Judge has ordered the new civil action to be consolidated into this civil proceeding, and to be administratively closed.

By December 4, 2023, Respondent has filed a timely answer (Dkt. No. 8), as well as electronic copies of the state court record (Dkt. No. 7).  Through the answer, Respondent requests the Court to dismiss Petitioner's claims because they are time-barred.  (Dkt. No. 8 at 6.)

Petitioner replied on January 22, 2024, articulating that his first state petition for writ of habeas corpus was properly filed and should thus toll the limitations period; in the alternative, Petitioner claims he is entitled to equitable tolling considering his physical and medical impairments and due to Covid-19 lockdowns in 2020.  (Dkt. No. 9 at 3, 4.)

Based on review of the filings, the record, and relevant case law, this matter is ripe for consideration without a need for hearing.  For the reasons discussed in this Report and Recommendation, the undersigned concludes that Petitioner's § 2254 motion is time-barred.

The undersigned recommends that Respondent's request for summary judgment (Dkt. No. 8 at 6) be **GRANTED**, and Petitioner's motion pursuant to § 2254 (Case No. 7:23-cv-00295, Dkt. No. 1) be **DISMISSED with prejudice**, and the case be closed out.  Finally, it is recommended that the District Court **DECLINE** to issue a certificate of appealability in this matter.

## I.  BACKGROUND AND PROCEDURAL HISTORY

On June 1, 2019, at approximately 10:14 pm, Palmview Police officers responded to a disturbance in process located at 304 Burch's Drive, apartment 21, Palmview, Texas.  It was reported that the incident started with a white Chevrolet Malibu being backed up by the driver into the apartment complex mailboxes.  When a resident confronted the driver of the vehicle, later identified as Petitioner, Petitioner became aggressive and claimed himself a gang member.  As the resident was retreating to the apartment, Petitioner pulled out a black handle knife, chasing the

resident and threatening his life.  It is also reported that once the resident backed into his residence and closed the door, Petitioner kicked the door opened, made his entry without permission despite the resident's resistance, and continued to threaten the life of the resident using force and knife in hand.  The resident's wife stayed outside and was threatened by Petitioner and another male subject that they would kill her and her family.  Fearing for his life and the safety of his wife, the resident called police.  Palmview Police Officers responded and arrested Petitioner and a male subject companion.

On July 25, 2019, a grand jury for Hidalgo County, Texas handed down an indictment against Petitioner for burglary of a building with intent to commit another felony, to wit – aggravated assault (Count 1), and aggravated assault with a deadly weapon (Count 2).  (Dkt. No. 7-14 at 10-11.)  Each count was followed by an enhancement alleging that Petitioner had previously been convicted of a felony offense of aggravated robbery on May 1, 2001, out of the 332nd District Court, Hidalgo County, Texas.  (*Id.*)

On November 5, 2019, Petitioner pled guilty to Count 1 in exchange for the dismissal of Count 2 and a sentence of eight-years' imprisonment.  (Dkt. No. 7-14 at 7-26.)  Petitioner was convicted and sentenced to eight years' imprisonment by the Hon. Mario E. Ramirez, Jr., 332nd District Court, Hidalgo County, Texas.[2]  (*Id.*)  Petitioner did not appeal.  Pursuant to the said conviction and sentence, Petitioner is currently in custody of Respondent.

**A. First State Habeas Application**

On August 18, 2020, Petitioner filed his first application for state writ of habeas corpus under Tex. Code Crim. P. art 11.07.  (Dkt. No. 7-1 at 33-51.)  This application was dismissed by

---

[2] The judgment reflects no plea to any enhancement allegation and no findings by the court as to any enhancement allegation within the indictment. (Dkt. No. 7-14 at 13-16.)

Texas Court of Criminal Appeals ("TCCA") on May 25, 2022, for non-compliance with the requirement of verification. [3]

**B. Second State Habeas Application**

Petitioner's second state application for writ of habeas corpus was filed with Hidalgo County Clerk's Office on July 5, 2022, *see* Dkt. No. 7-14 at 34-99, and set out eight claims:

(1) Counsel was ineffective in failing to object to invalid enhancement because "for enhancement of punishment, only form of burglary which is offense of the same nature as robbery is burglary with intent to commit theft" and Petitioner was charged with burglary with intent to commit aggravated assault while prior conviction was for aggravated robbery;

(2) Counsel was ineffective in failing to object to invalid enhancement that "where two prior felony convictions were secured in the same court on the same date, they could not be used as basis for prosecution as third offense in subsequent prosecution;"

(3) Counsel was ineffective in failing to object that "where State charges two prior felony convictions for enhancement purposes, State must establish that earlier felony conviction became final prior to occurrence of second alleged felony conviction;"

(4) Counsel was ineffective in failing to adequately investigate "the status of prior felony convictions;"

(5) Counsel was ineffective in failing to investigate police incident reports and witness/victim affidavits, which Petitioner claimed further review would have revealed prejudice, false evidence, and police misconduct;

(6) Counsel was ineffective in failing to fully investigate mitigating evidence, such as the medical report that would have shown Petitioner was taking pain medication due to work-related injury, which resulted in a state of involuntary intoxication; therefore, due to the injuries and medication, Petitioner was incapable of committing said allegation;

---

[3] *See* WR-92,276-01, http://search.txcourts.gov/Case.aspx?cn=WR-92,276-01&coa=coscca (last visited May 1, 2024).  On June 6, 2022, the Clerk of Court of Criminal Appeals received a letter from Petitioner, dated June 2, 2022, in which Petitioner acknowledges receipt of notice from the Court of Criminal Appeals that first habeas corpus petition had been dismissed for non-compliance.  (Dkt. No. 7-13 at 1-3.)

(7) Counsel was ineffective by inducing Petitioner into involuntary guilty plea through both coercion and misrepresentation; and

(8) Due process right violation under Fourteenth Amendment due to State's failure to disclose favorable impeachment evidence pertaining to victim's prior criminal history.

(Dkt. No. 7-14 at 34-53.)

On August 8, 2022, the State responded and argued that, based on the record, Petitioner's claims (1)-(4) and (8) were meritless, while the State also conceded that Petitioner's assertion in claims (5), (6), and (7), if true, might support a claim of ineffective assistance of counsel. (Dkt. No. 7-14 at 106-11, 112-13.) The State claimed there was no available record supporting Petitioner's said assertions. The State, therefore, recommended further development of the record through a court order as to factually unresolved matters. (*Id*. at 112-18.)

On August 21, 2022, Judge Ramirez found that there existed certain unresolved factual issues material to the legality of Petitioner's claims. (Dkt. No. 7-14 at 165-73.) Accordingly, the court adopted the State's recommendation and issued an order designating issues, including directing trial counsel to provide an affidavit or other official records to the issues listed in said order. (*Id.*)

On September 2, 2022, Petitioner filed a motion to amend application which was essentially an addendum with additional exhibits in support of habeas claims. (Dkt. No. 7-14 at 177-96.) Shortly after, on October 3, 2022, Petitioner filed another hand-written document captioned "Findings of Fact and Conclusions of Law" (Dkt. No. 7-14 at 206-13), which appeared to be a brief that included Petitioner's additional arguments in support of claims instead of a proposed order. (*Id.*)

On September 22, 2022, Mr. Eloy Hernandez, court appointed trial counsel ("Trial Counsel"), filed an affidavit in compliance with Order Designating Issues. (Dkt. No. 7-14 at 197-203.)

On October 5, 2022, the State filed a supplemental response, within the State addressed previously unresolved factual issues incorporating Trial Counsel's statements in the affidavit and completed their arguments. (Dkt. No. 7-14 at 214-87.) The State maintained Petitioner's all eight claims were meritless, should be denied, and Petitioner had no entitlement to relief. (*Id.* at 240.)

Specifically, the State claimed Petitioner's first four claims appeared to assert the same arguments: sentence was improperly enhanced due to prior convictions. The State argued that the claims were misplaced because Petitioner did not enter a plea of any description to the enhancement allegations; nor did the record indicate any affirmative findings by the district court as to said allegations. (Dkt. No. 7-14 at 234-35.) Further, even if counsel was ineffective, the State argued that Petitioner could not show the outcome would be different because punishment level was less than any enhanced punishment level of, respectively, either 15 or 25 years, if the contested sentencing enhancements had been applied. (*Id.* at 235; *see also* Tex. Pen. Code § 12.42(c)(1); (d).)[4]

---

[4] Said statutory provisions set out the following punishment enhancements:

If it is shown on the trial of a felony of the first degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or **less than 15 years**.

Tex. Pen. Code § 12.42(c)(1) (emphasis added).

. . . if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previously felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction that

As to Petitioner's fifth claim (5), the State argued it was meritless because Petitioner's allegation about Trial Counsel's failure to investigate was contradicted by Trial Counsel's affidavit. (Dkt. No. 7-14 at 235.)  In a well-written affidavit, Trial Counsel stated that he obtained and reviewed all discoverable materials, and also engaged Petitioner in discussion about such materials.  As such, Trial Counsel's affidavit rendered Petitioner's claim meritless.  (*Id.*)

Next, State argued Petitioner's sixth claim (6) should fail because Petitioner failed to show any likelihood of a different result but for the claimed deficient performance.  (Dkt. No. 7-14 at 236.)  First, Petitioner failed to establish his alleged voluntary intoxication would cause him temporary insanity, which is a prerequisite for purposes of sentencing mitigation under Texas law. *See* Tex. Penal Code § 8.04(a), (b).[5]  Second, even if Petitioner proved "temporary insanity," it would not have been likely for Petitioner to receive a lesser sentence considering his prior criminal history of two prior robbery convictions, non-compliance with community supervision conditions in regard to one of the previous robbery convictions, and the violent nature of the instant burglary offense, a first-degree felony.  The State further noted that the first-degree felony could be punished by a sentence to life in prison without any enhancement of punishment range.  *See* Tex. Penal Code § 12.32.  Therefore, Petitioner suffered no prejudice from receiving eight-year imprisonment sentence.  (*Id.* at 236-37.)  The State also noted, even if Trial Counsel's investigation was considered inadequate, Petitioner's argument claiming voluntary intoxication due to

---

defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or **less than 25 years**.

Tex. Pen. Code § 12.42(d) (emphasis added).

[5] "Voluntary intoxication does not constitute a defense to the commission of crime."  Tex. Penal Code § 8.04(a).  "Evidence of temporary insanity caused by intoxication may be introduced by the actor in mitigation of the penalty attached to the offense for which he is being tried."  *Id.* § 8.04(b).

prescribed narcotic pain medication would not have had any effect on his conviction because, as noted, it constitutes no basis for defense. Tex. Penal Code § 8.04(a). (*Id.* at 237-38.)

Petitioner also attempted to fault Trial Counsel for not introducing evidence of a six-week-old injury, which he claimed he would have obtained acquittal, or been convicted on a lesser offense, or received a lower sentence. (Dkt. No. 7-14 at 238.) The State noted that Trial Counsel attested he presented said injury record to the prosecution and in his assessment, the jury would likely have assigned little or no weight to such evidence. (*Id.*)

As to Petitioner's seventh claim (7) that Trial Counsel coerced him into giving up the right to jury trial, the State noted that it was also contradicted by the affidavit, where Trial Counsel attested he did not in fact assure Petitioner of conviction in trial and did not persuade him to plead guilty through coercion of any kind. (Dkt. No. 7-14 at 238.)

The State also submitted Petitioner's eighth claim (8) was meritless. (Dkt. No. 7-14 at 239.) Petitioner contended the State should have but failed to disclose to him the prior criminal history of the victim; while the State submitted that such documents are a matter of public record. (Dkt. No. 7-14 at 239.) The State contended they have no affirmative duty to disclose public records to which Petitioner had equal access. (*Id.*) The State further argued even if such affirmative duty existed on part of the State, Petitioner's claim would still be meritless; such records would be inadmissible under state evidentiary rules; thus, Petitioner would not be able to show or sustain any prejudice. (*Id.* at 239-40.) To illustrate, citing Tex. R. Evid. 609(a), the State noted that evidence of convictions for felonies and crimes of moral turpitude is generally admissible within first ten years following convictions; whereas for the victim's prior criminal history at question, driving while intoxicated was not a crime of moral turpitude, not a felony offense, and the most recent of said convictions was nearly two decades ago. The State submitted

that Petitioner would not be able to show that but for the alleged failure to disclose the result could have been different.  (*Id.*)  In other words, Petitioner could not establish prejudice from the alleged failure to disclosure.  (*Id.* at 240.)

On November 18, 2022, the Hon. Mario Ramirez issued "Findings of Fact, Conclusions of law, Recommendation and Order."  (Dkt. No. 7-14 at 288-307.)  The court, having considered Petitioner's application for writ of habeas corpus, the State's response and supplemental response, affidavits, filed exhibits, appropriate statements, found that Trial Counsel's affidavit was credible and held that to the extent Petitioner's claims contending evidentiary insufficiency, such claims were not cognizable in this post-conviction proceeding.  (*Id.* at 299.)

As to the substance of Petitioner's cognizable claims, the court took judicial notice of the following: Petitioner's first four claims are connected to contentions of improper sentence enhancement and are wholly misplaced.  (*Id.* at 299-300.)  Petitioner did not enter a plea to the enhancement allegations and no finding as to the truth of these allegations was made by the district court.  (*Id.* at 300.)  Petitioner was convicted in the underlying case of a first-degree felony, which could have resulted in sentence of life imprisonment even without any enhancement of punishment range.  (*Id.* (citing Tex. Pen. Code § 12.32).)  If "one prior conviction" enhancement had been applied, the minimum sentence available would have been 15 years' imprisonment; and if "two sequential prior convictions" enhancement had been applied, the minimum sentence available would have been 25 years' imprisonment.  (*Id.* (citing Tex. Pen. Code § 12.42(c)(1), (d)).)  Further, evidence of mere voluntary intoxication is not admissible in mitigation of sentence (or crime); rather, the proponent must show that such voluntary intoxication rose to the level resulting in "temporary insanity."  (*Id.* at 301 (citing Tex. Pen. Code § 8.04(b)).)  Judgments in criminal cases such as that of the victim identified by Petitioner are matters of public record; as such, unless the

State affirmatively took steps to destroy such documents or conceal them from public view, it cannot be considered as "suppressed." (*Id.* at 303.) The State has no affirmative duty to disclose documents that are accessible to anyone, especially if the existence thereof could have been ascertained through reasonable diligence. (*Id.*) Evidence of convictions for felonies and crimes of moral turpitude is generally admissible within the first ten years following convictions; and to render evidence of convictions older than 10 years admissible, additional showings to a higher standard, with supporting facts and circumstances are required. (*Id.* at 304 (citing Tex. R. Evid. 609(a)).) The most recent of the victim's prior convictions listed in Petitioner's exhibit was shown to have been disposed of nearly two decades ago. (*Id.* at 304 (citing Tex. R. Evid. 609(b)).)

The state court further found that, in each cognizable claim, Petitioner failed to meet burden of showing any likelihood of a different outcome but for counsel's alleged deficient performance. To conclude, the state court recommended that Petitioner's second state application for writ of habeas corpus be denied. (*Id.*) Subsequently, on March 29, 2023, the TCCA denied Petitioner's second application for writ of habeas corpus without written order on the findings of the trial court without a hearing and on the CCA's independent review of the record. (Dkt. No. 7-15.)

## II. <u>SUMMARY OF THE PLEADINGS</u>

### A. **Petitioner's § 2254 Habeas Petition**

On August 14, 2023, the Clerk's Office received a hand-written letter from Petitioner, seeking relief from a conviction or sentence of a state court under 28 U.S.C. § 2254. *See* Civ. Dkt. No. 1. The letter included no claims and relevant facts and appeared to be mistakenly titled "Notice of Appeal." (*Id.* at 2.) Petitioner signed this letter on June 24, 2023. (*Id* at 1, 2.)

On August 29, 2023, under the direction of the court, Petitioner filed a standard-form petition under 28 U.S.C. § 2254 for a writ of habeas corpus,[6] wherein Petitioner sets out a series of ineffective assistance claims against his Trial Counsel, alleging: (1) Trial Counsel was ineffective for failing to investigate a perjured police report and false evidence; (2) Trial counsel was ineffective for failing to investigate Petitioner's medical report; and (3) Trial counsel was ineffective for persuading him to plead guilty.

## B. Respondent's Answer

On December 4, 2023, Respondent filed an answer, arguing Petitioner's claims are barred by the statute of limitations. (Dkt. No. 8 at 4.) Respondent contends that Petitioner's § 2254 petition, which was filed on August 29, 2023, was two and a half years late, and thus, time-barred, absent tolling. (Dkt. No. 8 at 5.)

Respondent also argues that Petitioner is not entitled to statutory tolling because Petitioner's first state writ application was not properly filed and Petitioner's second state writ application was filed outside the one-year limitation period, which disqualifies each from tolling of the limitations period. (Dkt. No. 8 at 6.)

## C. Petitioner's Reply

In reply, Petitioner claims that he is entitled to equitable tolling on the following grounds.

First, Petitioner asserts it was the district clerk's "lack of diligence in bad faith and unprofessional conduct" that cost his opportunity to file a timely application for state habeas corpus. (Dkt. No. 9 at 3.) Petitioner claims he properly filed the application on August 18, 2020, with no missing page. *See* Dkt. No. 9 at 1. In support, Petitioner attaches a copy of his application, which includes a verification page, and allegedly is the completed application filed with the

---

[6] *See* Case No. 7:23-cv-00295, Dkt. No. 1.

Hildalgo County District Clerk's office. *See* Dkt. No. 9-1. Petitioner also claims he was never aware of the non-compliance and thus, was never afforded an opportunity to correct the oversight before the TCCA dismissed his first application. (Dkt. No. 9 at 2.) Plaintiff alleges that he was not notified of the missing-page issue when the Hidalgo County District Clerk sent him a confirmation letter of filing on November 16, 2020. Once again, he was not notified of the non-compliance when the 332nd District Court of Hidalgo County, Texas, made *Finding of Facts, Conclusions of Law, Recommendation and Order Signed* on December 22, 2020. (*Id.*) Petitioner also points out on February 5, 2021, when TCCA ordered the district clerk to supplement the missing pages from his application, the District Clerk failed to timely respond. (*Id.*) Accordingly, Petitioner claims equitable tolling as he was not at fault for the non-compliance.

Second, Petitioner claims he is entitled to equitable tolling because "most of the delay was attributed to Petitioner's physical and medical impairments." (Dkt. No. 9 at 4.) Petitioner alleges he suffered from retinitis pigmentosa; his left eye "has already lost [] eyesight completely" while his right eye's eyesight is "legally blind." (*Id.*) Petitioner attaches a letter from the office of Dr. Pankaj G. Shah, M.D., to vindicate his allegation and further asserts that he is currently incarcerated at Estelle Unit, "a Medical Prison," receiving adaptive disability services because his eye condition "makes it impossible at times to see clearly due to floaters, blurr[i]ness and blind spot." *See* Dkt. No. 9-4 (Letter dated November 4, 2010, from Office of Dr. Shaw.)

Third, Petitioner claims COVID-19 is an "extraordinary circumstance" for which he should be entitled to equitable tolling. (Dkt. No. 9 at 4.) Specifically, Petitioner alleges that, on or about March 2020, he was incarcerated at Garza West Unit and experienced "unexpected harsh lock downs." (*Id.*) Among other restrictions, "[t]here was no access to the law library," and "Petitioner has been in several quarantine lock downs since then and here recently." (*Id.*)

Besides these grounds for equitable tolling, Petitioner additionally submits that his subsequent application for state habeas corpus should be related back to the date of his "initial action" pursuant to Federal Rules of Civil Procedure 15(c).  (Dkt. No. 9 at 3.)  Petitioner argues that he "promptly corrected" the non-compliance issue in his first application, assuming it existed, by filing a second application "to satisfy the signature requirement."  Thus, "the limitations period expired between the date of filing and the date of signing" should be disregarded.  (*Id.*)

For the above reasons, Petitioner argues that his § 2254 petition is entitled to both statutory and equitably tolling of the one-year limitations period.

### III. STANDARD OF REVIEW

#### A. Summary Judgment Review

Summary judgment is appropriate if the pleadings and evidence show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  Once the moving party presents "a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (internal citation omitted).  Generally, a district court reviews disputed facts in a light favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, in the context of habeas petitions, the summary judgment standard found in Fed. R. Civ. P. 56(a) applies only to the extent that they are not inconsistent with any statutory provision or rules governing habeas cases.  R. Gov. Sec. 2254 Cases 12; *see also* Fed. R. Civ. P. 81(a)(4)(A).

Pursuant to § 2254(e)(1), for claims brought by a state prisoner in an application for a writ of habeas corpus pursuant to a State court judgment, "a determination of a factual issue made by

a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). "The applicant shall have

the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see*

*also Valdez v. Cockrell*, 274 F.3d 941, 950 (5th Cir. 2001). Section 2254(e)(1) "pertains only to

state-court determinations of factual issues, rather than decisions."    *Miller-El v. Cockrell*, 537

U.S. 322, 341 (2003).  As such, "[w]hen § 2254(e)(1)'s presumption of correctness attaches to a

particular state court finding of fact, it overrides the ordinary rule that, in a summary judgment

proceeding, all disputed facts must be construed in the light most favorable to the nonmoving

party." *Austin v. Davis*, 647 F. App'x 477, 483 (5th Cir. 2016) (internal quotation marks and

citation omitted).

**B.   28 U.S.C. § 2254**

An application for a writ of habeas corpus by a person in custody under the judgment of a

state court can only be granted on grounds that he is in custody in violation of the Constitution or

laws of the United States.  28 U.S.C. § 2254(a).  Federal habeas proceedings must honor the

"presumption of finality and legality [that] attaches to [a petitioner's] conviction and sentence."

*Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).  Relief is not available for any claim decided on the

merits in the state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established federal law, as determined by the Supreme Court
> of the United States; or (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State court
> proceeding.

28 U.S.C. § 2254(d).

And said petition needs to be timely filed.

**IV. RELEVANT LEGAL AUTHORITY AND ANALYSIS**

**A.  AEDPA's Statute of Limitation Bars Petitioner's § 2254 Petition**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[7] has established a one-year statute of limitations for filing federal habeas corpus petitions by persons in custody pursuant to the judgment of a state court, which is codified in 28 U.S.C. § 2244(d)(1).

Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

For purposes of 28 U.S.C. § 2244(d)(1)(A), a state conviction becomes "final" when there is no further "availability of direct appeal to the state court."  *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994).  For petitioners who seek direct review all the way to the Supreme Court, the judgment becomes final when the conviction is affirmed on the merits or the petition for certiorari is denied.  *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  For other petitioners, the judgment becomes final

---

[7] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

when the time for seeking direct review of lower court's judgment expires. *Id.* If a state court grants the right to file an out-of-time direct appeal, it will reset the date when a conviction becomes "final" under 28 U.S.C. § 2244(d)(1)(A). *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009).

To seek relief pursuant to 28 U.S.C. § 2244(d)(1)(B), a prisoner must show that: (1) he was subject to state action (2) that violated the Constitution or federal law and (3) prevented him from filing a timely petition. *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

To benefit from the extension of limitations period under 28 U.S.C. § 2244(d)(1)(C), the petitioner must show his claim for relief depends on a constitutional right that has been newly recognized by the Supreme Court, provided that the right has been made retroactively applicable to cases on collateral review. Typically, the petitioner may not include claims that were previously available for review. The new limitations period begins to run on the date the Supreme Court initially recognized the right asserted. *Dodd v. United States*, 545 U.S. 353, 357-58 (2005).

Section 2244(d)(1)(D) provides another avenue for limitations period extension when "the factual predicate" underlying petitioner's claim could have been discovered through the exercise of due diligence. The new limitations period may start to run on the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim. *Osborne v. Hall*, 934 F.3d 428, 432-33 (5th Cir. 2019).

In the instant action, the record does not indicate applicable extensions of limitations period under 28 U.S.C. § 2244(d)(1)(B), (C), and (D). First, Petitioner does not allege any unconstitutional state action prevented him from filing for federal habeas corpus relief prior to the end of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). Second, Petitioner's claims, ineffective assistance of counsel, do not concern a newly recognized constitutional right by the Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Petitioner has not shown that he could

not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final for habeas review.  *See* 28 U.S.C. § 2244(d)(1)(D).  Therefore, the timeliness of Petitioner's § 2254 petition is governed by the finality of his judgment.  *See* 28 U.S.C. § 2244(d)(1)(A).  Petitioner had one year to file a timely petition from the date on which judgment became final.  *Id.*

If a defendant allows the appeal process to expire, the conviction becomes final when the time for seeking further direct review in the state court expires.  *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (citations omitted) (holding that state petitioner's limitation period began to run when the thirty-day period for filing a petition for discretionary review in state court ended).  Because Petitioner did not appeal, his judgment became final upon the expiration of his time to appeal, which falls thirty days after date of sentencing.  *Id.*  Based on the record, Petitioner was sentenced on November 5, 2019.  He allowed his appeal period to expire on December 5, 2019, rendering Petitioner's judgment final on the same day.  *See* Tex. R. App. P. 26.2(a)(1).  Thus, his deadline to file a timely § 2254 petition would be December 7, 2020, one-year anniversary of his final judgment.[8]

The District Clerk received Petitioner's hand-written letter on August 14, 2023.  Petitioner stated he enclosed $5 filing fee for a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254, as well as a page of "Notice of Appeal."  *See* Dkt. No. 1.  Petitioner dated the letter on June 24, 2023, and certified that said letter was deposited in the mail system on the same day.  (*Id.* at 3.).  However, Petitioner did not assert any facts or claims.  The standard-form petition was later filed on August 29, 2023.  Both the June 24th date and the later August date come more than two years late after the limitations period expired.  Petitioner's § 2254 motion is untimely

---

[8] The one-year anniversary falls on a Saturday (December 5, 2020); therefore, the deadline is extended to the following Monday, December 7, 2020.  *See* Fed. R. Civ. P. 6(1)(C).

unless statutory tolling or equitable tolling applies.  Unfortunately, neither are applicable to this petition.

## B. Statutory Tolling Not Applicable to Petitioner

AEDPA's one-year limitations period may be statutorily tolled during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment[.]" 28 U.S.C. § 2244(d)(2).  Federal habeas corpus proceedings do not qualify as "State post-conviction or other collateral review" for the purpose of § 2244(d)(2).  *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)).

Before seeking federal review, Petitioner filed two applications for writ of habeas corpus in State court.  Because his first application failed to comply with Texas procedural rules; and the second application was filed after section 2244(d)(1)'s one-year limitations period, neither qualifies Petitioner for statutory tolling under 28 U.S.C. § 2244(d)(2).

### 1. First State Habeas Application

Petitioner filed the first application within AEDPA's one-year limitation period.  (Dkt. No. 7-1 at 33-47.)  Upon transmission to TCCA for review, the TCCA found the application missed four pages (14-17), which would have contained the required verification.  *See id.*; *see also* Dkt. No. 7-2, at 1.  Accordingly, the TCCA issued an order on February 5, 2021, directing the District Clerk of Hidalgo County to either forward the missing pages or certify in writing that the pages were not part of the record within thirty days.  (Dkt. No. 7-2.)  Having not received a response from the district clerk in thirty days, the TCCA, on April 6, 2022, remanded said incomplete application to the trial court and further ordered response within thirty days.  (Dkt. No. 7-4.)  On May 6, 2022, Hidalgo County District Clerk's Office filed a response stating the missing pages

were not part of Petitioner's original application.  (Dkt. No. 7-6.)  Thereupon, Petitioner's first

state application for writ of habeas corpus was left with no signature, no date, and no verification.

On May 25, 2022, TCCA dismissed this writ for "non-compliance."[9]

A state habeas petition or application for other collateral review is "*properly* filed" for the

purpose of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable

laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

State law determines whether a state habeas application conforms to the state's procedural filing

requirements.  *Broussard v. Thaler*, 414 F. App'x 686, 688 (5th Cir. 2011) (citing *Wion v.

Quarterman,* 567 F.3d 146, 148 (5th Cir. 2009)).   Rule 73.1(a) of Texas Rules of Appellate

Procedure requires that a state habeas application must use the form prescribed by the Texas Court

of Criminal Appeals.  Tex. R. App. P. 73.1(a).  In addition, Rule 73.1(g) requires an application

filed by a TDCJ inmate "must be verified" in the manner prescribed by statute.  Tex. R. App. P.

73.1(g).  Compliance with Rule 73.1 is a prerequisite to consideration of the merits of an

applicant's claims.  *Broussard*, 414 F. App'x at 688 (citing *Ex parte Blacklock*, 191 S.W.3d 718,

719 (Tex. Crim. App. 2006)); Tex. R. App. P. 73.2.  An application without proper verification is

subject to dismissal for non-compliance.  *See, e.g., Ex parte Hall*, No. WR-82,314-02, 2020 WL

4214454, at *1 (Tex. Crim. App. July 22, 2020).  A state habeas action dismissed for failure to

comply with Texas Rules of Appellate Procedure 73.1 and 73.2 is not "properly filed" under

AEDPA.  *Wickware v. Thaler*, 404 F. App'x 856, 858-59 (5th Cir. 2010).  Here, the TCCA

dismissed Petitioner's first state habeas application as noncompliant for lack of verification,

rendering it improperly filed.  Thus, it could not toll the AEDPA statute of limitations.  *Broussard*,

414 F. App'x at 688 ("Because compliance with procedural filing requirements is a matter of state

---

[9] *See supra* n.3.

law, we defer to the TCCA's determination that [petitioner] failed to follow the filing requirements.").

Noticeably, in Petitioner's most recent filing, he attached as exhibit a copy of "Article 11.07 Writ Application Form," which was allegedly part of his first state habeas application filed on August 18, 2020. *See* Dkt. No. 9-1 ("Exhibit B-1"). Said copy includes one extra page when compared to the "Article 11.07 Writ Application Form" included in state record filed by Respondent earlier. *See* Dkt. No. 7-1 at 33-47. This extra page happens to contain the missing "verification." *See* Dkt. No. 9-1 at 13.[10] Petitioner hereby asserts that he has proven that "said 11.07 application was in fact in compliance," and the dismissal was due to district clerk's "lack of diligence in bad faith and unprofessional conduct." (Dkt. No. 9 at 3.)

The newly raised exhibit would not change the end result of Petitioner's case. For federal habeas review of a § 2254 motion, the scope "is limited to the record in existence at that same time, *i.e.,* the record before state court." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). Here, Petitioner mistakenly believes the exhibit "has proved by the preponderance of the evidence" that his first application was in compliance with state procedural rules. *See* Dkt. No. 9 at 3. That is not the case. "A determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1). Petitioner fails to meet his burden to challenge the presumption of correctness of said state record. There is no tolling of the one-year limitation based on Petitioner's first state habeas application.

---

[10] As noted, the petition was missing pages 14-17 of the application (Dkt. No. 7-1 at 33-47; Dkt. No. 7-2, at 1); however, in the additional submission, Petitioner only includes the missing verification page, which is page 16 of the application (Dkt. No. 9-1 at 13).

**2. Second State Habeas Application**

Petitioner's second state application was filed on July 5, 2022. (Dkt. No. 7-14 at 34-65.)[11] By that time, however, the § 2254 limitations period had expired for a year and half. For the purpose of statutory tolling, state habeas application does not toll the one-year limitation under § 2244(d)(2) if it is filed after the limitations period had lapsed. *Scott*, 227 F.3d at 263. Therefore, Petitioner's second state habeas application is not entitled to statutory tolling either. *See, e.g., Flores v. Quarterman*, 467 F.3d 484, 485 n.2 (5th Cir. 2006).

**3. Statutory Tolling of Each Application**

Petitioner argues that the Court should disregard the fact that the limitations period expired before he filed the second state application. (Dkt. No. 9 at 3.) Citing Federal Rules of Civil Procedure, Petitioner contends that the filing date of his second application should relate back to that of his first application. Petitioner maintains even if his first application "was not signed," this error should be deemed as "promptly corrected" through his second application. (*Id.*) Therefore, Petitioner argues, "the original filing date controls for purpose of all the relation back provisions of rule 15(c) not the date the complaint was amended to satisfy the signature requirement." (*Id.*) Petitioner further argued the applicability and application of Federal Rules of Civil Procedure 15 to his case:

> Federal Rules of Civil Procedure, [R]ule 15 states all the relation back provisions of [R]ule 15(c) apply within the same action. If an initial action is dismissed by the plaintiff or the court, but a new action is filed by the plaintiff, any later amendment can only relate to the original complaint in the new action, and the dismissed action is disregarded for purpose of relation back. Though this rule is often applied in the context of a habeas corpus action, it also applies in ordinary civil litigation. The tolling provisions applies not only to the first state post conviction petition but also to any second or successive state post conviction that is properly filed.

---

[11] On March 29, 2023, the TCCA denied this application (without written order), on the findings of the trial court without a hearing, and on the court's independent review of the record. (Dkt. No. 7-15.)

(*Id.*)

Petitioner's *pro se* pleading is entitled to a more liberal construction than those drafted by practicing attorneys; therefore, it is "the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing." *Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Piercing the veil of Petitioner's "relation back" argument, substantively, Petitioner appears to seek tolling his first state application.

The Fifth Circuit has consistently held that a petition dismissed by the TCCA for noncompliance with Rule 73.1 is not properly filed and does not toll AEDPA's limitations period. *See Broussard*, 414 F. App'x at 688; *North v. Davis*, 800 F. App'x 211, 214 (5th Cir. 2020); *Koumjian v. Thaler*, 484 F. App'x 966, 968 (5th Cir. 2012); *Davis v. Quarterman*, 342 F. App'x 952, 953 (5th Cir. 2009). Even if a state court's ruling as to whether a state habeas petition is "properly filed" is "debatable," the dismissal is dispositive. *North*, 800 F. App'x at 214; *Koumjian*, 484 F. App'x at 968. Therefore, as noted, the first state habeas application does not toll the limitations period.

For sake of argument, if we were to assume that Petitioner's first state application did toll the one-year limitations period; and his second state application further tolled federal limitations period until that petition was denied on March 29, 2023, the § 2254 petition would still be late for federal review. Specifically, by the date Petitioner initiated the first state application on August 18, 2020, it had been 257 days after Petitioner's conviction became final. Assuming his first application statutorily tolled limitation period until May 25, 2022 (the date of TCCA's dismissal), there is another 40 days of un-tolled time elapsed before Petitioner filed the second application. The second application, filed on July 5, 2022, resumed tolling under this scenario until TCCA's

denial was issued on March 29, 2023.  Starting from that point, the federal limitations period to file the habeas petition restarted until June 5, 2023.  That date provided Petitioner 68 more days to file a timely § 2254 motion.  Petitioner's habeas petition is still late.

Again, granting the Petitioner the benefit of the doubt, and assuming the Petitioner filed § 2254 motion on June 24, 2023 (Petitioner self-dated the hand-written letter as June 24, 2023, while it was filed in the district clerk's office on August 14, 2023 (Dkt. No. 1)), Petitioner's filing *would still be* 19 days late and time-barred from review. The Fifth Circuit has consistently "denied tolling where the petition was only a few days late." *Lookingbill v. Cockrell*, 293 F.3d 256, 265 & n.16 (5th Cir. 2002) (*citing Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999) (four days late); *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cit. 1999) (two weeks late); *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999) (seventeen days late); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (twenty-one days late)). To do otherwise reduces predictability and prevents the courts from treating similarly situated defendants equally. *Lookingbill*, 293 F.3d at 265.

Petitioner fails to toll AEDPA limitations period pursuant to § 2241(d)(2) and the petition is time barred from review.  And, even if considered tolled as outlined above, said petition is still time barred from review.  Petitioner's only hope for relief is equitable tolling.

**C.  Equitable Tolling**

Since statute of limitations is not considered a jurisdictional requirement for habeas review, a petitioner may request an exception for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010).  "Equitable tolling is 'a discretionary doctrine that turns on the facts and circumstances of a particular case.'" *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)).  A "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649

(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

### 1. Reasonable Diligence

"The diligence required for equitable tolling purpose is reasonable diligence, not maximum

feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted).

Equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d

177, 183 (5th Cir. 2012) (quoting *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010)); *see also*

*Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).  In this matter, Petitioner had

been inactive for 257 days (approximately 8 ½ months) from the date his convictions became final

before applying for state habeas relief and he is silent about reasons for his delay.  Said unexplained

delay weighs against a finding of diligence.[12]

"[A] component of the obligation to pursue rights diligently is not to wait until near a

deadline to make a filing, then seek equitable tolling when something goes awry." *Schmitt v.*

*Zeller*, 354 F. App'x 950, 951-52 (5th Cir. 2009) (citing *Johnson v. Quarterman*, 483 F.3d 278,

287-88 (5th Cir. 2007)).  Because the filing date of state petition would be factored in later filing

of the federal petition, Petitioner's inactivity for more than eight months of the one-year

availability has left himself "little margin for error" and therefore "is incautious and not diligent."

*Id.* at 952; *see, e.g., Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013) (affirming the district

court's finding that the petitioner failed to diligently pursue his rights because he waited six months

after his conviction became final to file his first state habeas application; one month before filing

---

[12] Petitioner later raised argument regarding COVID-19 pandemic.  Even in the context of the COVID-19 pandemic, a petitioner must make a showing of reasonable diligence during all time periods.  *Newman v. Dir., TDCJ-CID*, No. 3:20-CV-3733-X (BT), 2022 WL 18779708, at *4 (N.D. Tex. Nov. 28, 2022), *report and recommendation adopted*, No. 3:20-CV-3733-X-BT, 2023 WL 2090988 (N.D. Tex. Feb. 16, 2023).

his second application; and more than two months before filing his federal application); *Stroman v. Thaler*, 603 F.3d 299, 302-303 (5th Cir. 2010) (affirming the district court's finding that petition was not entitled to equitable tolling when state habeas petition was not filed "until nearly seven months after conviction became final and at time when there remained only five months of the section 2244(d)(1) one year period.").

Even if one were to assume that Petitioner was reasonably diligent in filing the federal petition, Petitioner has shown no evidence of extraordinary circumstances that prevented him from timely filing a federal petition.

### 2.  Extraordinary Circumstances

Equitable tolling is applied restrictively in "rare and exceptional circumstances." *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation marks and citation omitted). Equitable tolling is appropriate only when a petitioner's failure to satisfy the statute of limitations results from "external factors beyond his control." *Jones*, 22 F.4th at 490 (citing *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)).  Thus, equitable tolling is warranted only in instances "where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  Otherwise, a "garden variety claim of excusable neglect" is insufficient to justify equitable tolling. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fierro*, 294 F.3d at 682 ("[N]either excusable neglect or ignorance of the law is sufficient to justify equitable tolling.")  Courts must be cautious "not to apply statute of limitations too harshly," because "[d]ismissal of a first habeas petition is a particularly serious matter." *Fisher*, 174 F.3d at 713.  In the Fifth Circuit, case precedents have established that proceeding *pro se*, illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process are insufficient reasons to equitably toll

the statute of limitations. *Felder*, 204 F.3d at 171-72; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

In Petitioner's reply, he avers he is entitled to equitable tolling because three claimed "extraordinary circumstances" should be accounted for his excusable delay.

First, Petitioner argues that extraordinary circumstance existed when Hildalgo County District Clerk and the state court failed to timely inform him that his first habeas application was incomplete, and when District Clerk's Office failed to respond to the TCCA's order regarding the non-compliance issue. Petitioner claims said external factors, instead of his fault resulted in the TCCA's dismissal of his first state habeas petition, and then his delay of filing a federal habeas petition.

Petitioner's delay arises out of Petitioner's own failure to comply with the state procedural rules. This is not an extraordinary circumstance warranting equitable tolling. In other words, should Petitioner have followed the Texas Rules of Appellate Procedure and have submitted a compliant habeas application, his AEDPA deadline would have been statutorily tolled starting August 18, 2020, within the one-year limitation period. Petitioner's claim is similar to that in *Larry v. Dretke*, 361 F.3d 890 (5th Cir. 2004). In that case, Larry's first state habeas application was not properly filed, and his second state habeas application was filed after the AEDPA deadline had passed. The district court dismissed Larry's federal habeas claims as untimely filed. *Id.* at 894-96. The Fifth Circuit affirmed the dismissal, holding that equitable tolling was not warranted because it was petitioner's "own action" of filing his state habeas application improperly, "rather than any action taken by the state court, prevented him from asserting his rights." *Id.* at 897. If petitioner "had properly filed his state habeas application in accordance with Texas law the federal statute of limitations would have tolled for the entire period his application was pending before

the state habeas courts." *Id.* Similarly, Petitioner failed to comply with state procedural rules. No action by the district clerk or state court prevented him from or misled him into filing a non-compliant application and missing the AEDPA deadline.

In *Jones v. Stephens*, the Fifth Circuit clarified itself that "[a]lthough this Court was 'particularly unsympathetic' in *Larry* because the petitioner was a former lawyer, the same principle applies here" – when a *pro se* petitioner's own failure to comply with the procedural rules for filing a state habeas application prevented him from asserting his rights, equitable tolling is not warranted. *Jones*, 541 F. App'x at 504–05. Like Jones, Petitioner's *pro se* status does not exempt him from his own failure. Additionally, "mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling or other exceptions to a law's requirements." *See Felder*, 204 F.3d at 172 (citing *Fisher*, 174 F.3d at 714 n.13). Petitioner's first claimed extraordinary circumstance is in fact a delay of the Petitioner's own making and that does not justify equitable tolling.

Next, Petitioner contends he is entitled to equitable tolling because he is legally blind. (Dkt. No. 9 at 4.). In support, he attaches a letter from doctor's office verifying that he is monocular, and the only good eye suffers from Retinitis Pigmentosa. (Dkt. No. 9-4.)

The Fifth Circuit has noted that blindness alone is insufficient to invoke equitable tolling. *Fisher*, 174 F.3d at 715. The court has also indicated that for the limitations period to be equitably tolled, the alleged extraordinary circumstance must be the one preventing a petitioner from pursuing his legal rights within limitations period. *Id.; see also King v. Stephens*, No. A-15-CA-576-LY, 2015 WL 5794004, at *3 (W.D. Tex. Oct. 2, 2015) ("Physical incapacity only tolls the statute of limitations if it actually prevents the sufferer from pursuing his legal rights during the limitations period."), *report and recommendation adopted*, No. 1:15-CV-576-LY, 2015 WL

13984285 (W.D. Tex. Nov. 4, 2015). Here, Petitioner presents no evidence that his blindness actually prevented him from filing § 2254 petition on time. Additionally, the fact that Petitioner submitted his first state habeas applications within one-year limitation period shows that he was able to pursue his legal rights. *See, e.g., Paul v. Davis*, No. CV H-19-3625, 2020 WL 1955278, at *5 (S.D. Tex. Apr. 23, 2020) (holding that the petitioner did not establish an extraordinary circumstance based on blindness and mental illness because the record shows that he filed numerous post-conviction challenges to his conviction in state court and that he was able to pursue his rights).[13]

Lastly, Petitioner asserts that COVID-19 pandemic was also an "extraordinary circumstance" resulting in "unexpected harsh lock downs" and "no access to the law library." (Dkt. No. 9 at 4.) Such argument is unpersuasive.

Courts in this circuit have repeatedly found that "intermittent lockdowns and diminished access to the law library, even as a result of COVID-19 restrictions, do not constitute 'extraordinary circumstances' warranting equitable tolling." *Newman v. Dir., TDCJ-CID*, No. 3:20-CV-3733-X (BT), 2022 WL 18779708, at *3 (N.D. Tex. Nov. 28, 2022) (internal citations omitted), *report and recommendation adopted*, No. 3:20-CV-3733-X-BT, 2023 WL 2090988 (N.D. Tex. Feb. 16, 2023); *see also Carter v. Lumpkin*, No. 6:21-CV-00031, 2022 WL 897876, at *2 (S.D. Tex. Mar. 26, 2022) (holding that restrictions and limitations [the petitioner] faced due to the COVID-19 pandemic do not warrant equitable tolling absent showing of diligent pursuit of

---

[13] It is worthwhile to note that out-of-circuit courts have held the same. *See, e.g., Smith v. Beightler*, 49 F. App'x 579, 580-81 (6th Cir. 2002) (finding that the petitioner was not entitled to equitable tolling because he was blind); *Santiago v. Miller*, 180 F. Supp. 2d 471, 473-74 (S.D.N.Y. 2001) (finding that the petitioner's blindness was insufficient to toll the AEDPA statute of limitations because he was able to file two state post-conviction proceedings, showing that his "condition did not rise to such a level as to truly prevent him from pursuing his legal rights"); *Jones v. Thomas*, No. 1:15-cv-826, 2018 WL 2073188, at *3 (M.D. Ala. Jan. 29, 2018) ("The court finds no authority for the proposition that a bare allegation that a petitioner was legally blind will warrant tolling [of AEDPA deadline]." (collecting cases)).

right or showing of lockdowns actually prevented his timely filing), *appeal dismissed*, No. 22-40357, 2022 WL 17424512 (5th Cir. Sept. 6, 2022); *Delarosa v. Dir., TDCJ-CID*, No. 3:21-CV-2414-D-BK, 2022 WL 850041, at *2 (N.D. Tex. Feb. 22, 2022) ("[T]he mere existence of the COVID-19 pandemic does not, without more, constitute an extraordinary circumstance." (internal quotation marks and citation omitted)), *report and recommendation adopted*, No. 3:21-CV-2414-D, 2022 WL 847216 (N.D. Tex. Mar. 22, 2022); *Soliz v. Dir., TDCJ-CID*, No. 6:21CV016, 2021 WL 3674105, at *3 (E.D. Tex. July 9, 2021) ("Courts in this district have repeatedly found that prison lockdowns, including Covid-related lockdowns, that occur during the one-year limitations period do not justify equitable tolling." (internal citation omitted)); *Castoreno v. Lumpkin*, No. CV SA-22-CA-0957-JKP, 2022 WL 17650610, at *3 (W.D. Tex. Dec. 12, 2022) ("[C]ourts in this district have repeatedly found that delays caused by intermittent lockdowns do not constitute 'extraordinary circumstances' warranting equitable tolling because they do not prevent a prisoner from actually filing a petition." (internal citation omitted)).

The Fifth Circuit has recognized lack of access to a prison law library may in some circumstances toll the one-year limitations pursuant to § 2244(d)(1)(B) (tolling available due to a state created impediment).  However, "an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling."  *Egerton*, 334 F.3d at 437 (citing *Scott*, 227 F.3d at 263 n.3); *see also, Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) ("[T]emporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling."); *Cruz v. Lumpkin*, No. 4:21-CV-610-P, 2021 WL 3710568, at *3 (N.D. Tex. Aug. 18, 2021) ("[T]he § 2254 form petition does not require a petitioner to analyze or cite case law.").

Petitioner has not presented any evidence that the alleged lack of access to law library actually prevented him from timely filing his federal habeas petition. Thus, he fails to justify equitable tolling on this basis. *See Henry v. Lumpkin*, No. 4:22-CV-01121, 2023 WL 4054971, at *4 (S.D. Tex. May 24, 2023) (collecting cases), *report and recommendation adopted*, No. 4:22-CV-01121, 2023 WL 4054966 (S.D. Tex. June 16, 2023).

Based on the facts and circumstances of this case, contrary to his claims otherwise as outlined above, Petitioner is not eligible for equitable tolling.

## V. **PETITIONER'S CLAIMS**

Petitioner sets forth three claims of ineffective assistance of counsel by his Trial Counsel. However, said claims are time barred from review without a need to reach the merits of said claims for noted reasons – said petition is filed late and equitable tolling is not warranted. *United States v. London*, 937 F.3d 502, 509-510 (5th Cir. 2019) (Costa, J. concurring) (noting that Supreme Court encourages "courts to 'first resolve procedural issues' before answering constitutional questions" (quoting *Slack v. McDaniel*, 529 U.S. 473, 485 (2000))).   Accordingly, Petitioner's federal habeas petition should be dismissed.

## **CONCLUSION**

### *Recommended Disposition*

After a careful review of the record and relevant law, Petitioner's claims are barred by the relevant statute of limitations and are not subject to statutory or equitable tolling, or a demonstrative claim that failure to consider the underlying claims will result in a fundamental miscarriage of justice.  Therefore, the undersigned recommends that Petitioner's § 2254 petition[14] be **DENIED**, and this habeas case should be **DISMISSED** with prejudice and closed out.

---

[14] Said petition was originally filed in a separate matter before being merged into this case. *See supra* n.1.

*Certificate of Appealability*

It is recommended that the District Court deny a Certificate of Appealability.  Petitioner

may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge

issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  The § 2254 rules instruct that

the District Court "must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant."  R. Gov. Sec. 2254 Cases 11.  Because the undersigned recommends the

dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to

a certificate of appealability ("COA").

A COA "may issue … only if the applicant has made a substantial showing of the denial

of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c)

requires an overview of the claims in the habeas petition and a general assessment of their merits."

*Miller-El*, 537 U.S. at 336.  When a claim is denied on the merits, "[t]he petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." *Slack*, 529 U.S. at 484; *see also United States v. Jones*, 287 F.3d 325,

329 (5th Cir. 2002).  A petitioner may satisfy this requirement by showing, in the alternative, that

"jurists could conclude the issues presented are adequate to deserve encouragement to proceed

further." *Miller-El*, 537 U.S. at 327; *Jones*, 287 F.3d at 329.

"When the district court denies a habeas petition on procedural grounds without reaching

the prisoner's underlying constitutional claim, a COA should issue when the [petitioner] shows, at

least, that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, based on review of the record and federal habeas petition, none of the statutory exemptions to the one-year limitation apply and equitable tolling is inapplicable; therefore, reasonable jurists would not find it debatable that Petitioner has set forth a valid claim of denial of a constitutional right or that the court was incorrect in its procedural ruling that said petition is time-barred from habeas review.

Therefore, it is recommended that the District Court deny a COA.

### Notice to the Parties

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings and legal conclusions accepted or adopted by the District Court, except on grounds of plain error. *See Douglas v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

**DONE** at McAllen, Texas, this 2nd day of May 2024.

_____
Juan F. Alanis
United States Magistrate Judge